UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHERYL SCHMIT<br>Director<br>Stand Up for California!<br>P.O. Box 355<br>Penryn, California 95605<br><br>    Plaintiff,<br><br>      v.<br><br>KENNETH SALAZAR, in his official capacity<br>Secretary of the Interior<br>U.S. Department of the Interior<br>1849 C Street NW, Washington, DC 20240,<br><br>AMY DUTSCHKE, in her official capacity<br>Regional Director for the Pacific Region<br>Bureau of Indian Affairs<br>2800 Cottage Way<br>Sacramento, California 95825<br><br>    Defendants. | Civil Action No. _____ |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1.     This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. §§ 552, for injunctive and other appropriate relief and seeking the disclosure and release of agency records improperly withheld from Plaintiff by defendants the U.S. Department of the Interior ("DOI") and the Bureau of Indian Affairs ("BIA").

## JURISDICTION AND VENUE

2.     This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). This court also has jurisdiction

over this action pursuant to 28 U.S.C. § 1331. Venue lies in this district under 5 U.S.C. §
552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

3.      Plaintiff CHERYL SCHMIT ("Ms. Schmit") is the founder and Director of Stand
Up For California!, a non-profit public service organization incorporated in California. Stand Up
For California! focuses on gambling issues affecting California, including tribal gaming, card
clubs, horse racing, charitable gaming, and the state lottery. Stand Up for California! functions
as an informational resource for local, state, and federal policy makers, individuals, community
groups, local public entities, elected officials, members of law enforcement, and the interested
public with respect to gaming. Stand Up For California! hosts and assists with local town hall
meetings, state and national conferences, and debates and rallies to educate voters and
lawmakers. Stand Up For California! participates in the development of gaming policy and
Tribal State Compacts that protect the welfare of the public by requiring stringent regulations,
patron and employee protections, environmental safeguards, and judicially enforceable
mitigation agreements with affected local governments.

4.      In her role as Director of Stand Up For California!, Ms. Schmit is interested in
obtaining documents regarding Defendants' review of the Enterprise Rancheria of Maidu
Indians' proposed off-reservation trust acquisition and casino project in Yuba County,
California.

5.      Defendant KENNETH SALAZAR is the Secretary of the DOI. He is sued in his
official capacity. DOI is an agency within the meaning of 5 U.S.C. § 552(f) and 43 C.F.R. §

2.3(b). DOI has oversight responsibility for BIA. DOI is responsible for administrative appeals of FOIA requests submitted to BIA.

6.     Defendant AMY DUTSCHKE is the Regional Director of the Pacific Regional Office of BIA. She is sued in her official capacity. BIA is an agency within the meaning of 5 U.S.C. § 552(f) and 43 C.F.R. § 2.3(b). BIA is the federal agency with possession and control of the requested records and is responsible for fulfilling Plaintiff's request for documents made pursuant to 5 U.S.C. § 552.

**STATEMENT OF FACTS**

BACKGROUND AND STATUTORY FRAMEWORK OF THE FOIA

7.     On January 21, 2009, President Obama issued a memorandum directed to the heads of Executive Departments and federal agencies demanding governmental transparency in the administration of FOIA. The Presidential Directive states that "[a]ll agencies should adopt a presumption in favor of disclosure" and directs agencies to err on the side of document release. 74 Fed. Reg. 4,683 (Jan. 26, 2009).

8.     On March 19, 2009, Attorney General Eric Holder sent a memorandum to federal agencies strongly encouraging discretionary disclosures and cautioning that denial of FOIA requests would be defended only if: (i) the agency reasonably foresees that disclosure would harm an interest protected by one of the statutory presumptions; or (ii) the disclosure is prohibited by law.

9.      FOIA requires federal agencies to release requested records to the public, unless one of nine narrow statutory exemptions applies. 5 U.S.C. §§ 552(b)(1)-(9).

10.      An agency must respond to the requesting party within 20 working days of receiving a request for documents under the Act. 5 U.S.C. § 552(a)(6)(A)(i). The agency's response must indicate the agency's intent to fulfill the request or to decline to release the documents under a specific exemption. *Id.* In addition, the response must provide the requester notice of his right to appeal the agency's determination. *Id.*

11.      An agency must respond to an appeal of its decision to withhold documents within 20 working days, by notifying the appealing party of its determination to either uphold the denial or to release the withheld records. 5 U.S.C. § 552(a)(6)(A)(ii), 43 C.F.R. § 2.32(a).

12.      An agency may delay its response to a FOIA request or appeal under "unusual circumstances," but must provide both notice of the delay and "the date on which a determination is expected to be dispatched" to the requester. 5 U.S.C. § 552(a)(6)(B).

13.      If an agency fails to respond to a request within the time period prescribed in its FOIA regulations, the requesting party has "the right to consider any nonresponse within these limits as a denial of records and file a formal appeal." 5 U.S.C. § 552(a)(6)(E)(iii).

14.      This Court has jurisdiction, upon receiving a complaint, to "enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complaint." 5 U.S.C. § 552(a)(4)(B).

ENTERPRISE RANCHERIA PROPOSED OFF-RESERVATION CASINO PROJECT

15.     The Enterprise Rancheria of Maidu Indians is a federally recognized tribe located in Butte County, California.  The approximately 800-member Tribe has 40 acres of trust land located in the Sierra Nevada foothills, 21 miles east of the town of Oroville, California.  Those lands have been in fee by the United States for the benefit of landless California Indians since 1916 and are currently set aside for residential purposes.

16.     The Tribe filed a request with the BIA in 2002 to have an additional 40 acres of land located in Yuba County, California taken into trust for gaming purposes.  The proposed casino site is located over 50 miles from the federal land set aside for landless Indians, and 35 miles from tribal headquarters land in Oroville that the Tribe purchased in 2005 with money from the U.S. Department of Housing and Urban Development.  The proposed casino would entail the construction of a 207,760 square foot, 1,700-machine casino, with a 170-room hotel, restaurants, a bar, gift shops, parking facilities, and conference facilities.

17.     Because the Tribe is proposing an off-reservation casino, the Indian Gaming Regulatory Act ("IGRA"), 25 U.S.C. §§ 2701-2721, requires additional state and federal reviews of the proposed trust acquisition and gaming proposal to ensure that the off-reservation casino will not be detrimental to the surrounding community.  *See also* 25 C.F.R. § 292.22.  The concurrence of the governor of the affected state is requested for approval of the proposed off-reservation casino.  If the governor issues a letter of non-concurrence, a tribe cannot conduct gaming at the off-reservation site.  25 C.F.R. § 292.22.  This review process is colloquially referred to as the "two-part determination" process and the governor's non-concurrence, a "veto."

18.     On September 1, 2011, Larry Echo Hawk, Assistant Secretary – Indian Affairs,

issued a letter indicating the Secretary's approval of the Tribe's proposed off-reservation casino

and requesting California Governor Jerry Brown's concurrence with the Secretary's decision.

Available at http://www.bia.gov/cs/groups/public/documents/text/idc015015.pdf (last visited

May 15, 2012).  Under the regulations, Governor Brown must review the Secretary's conclusions

regarding the impacts of the proposed acquisition and casino on the surrounding community and

determine whether he concurs in the Secretary's findings by September 1, 2012.  25 C.F.R.

§ 292.23.

## MS. SCHMIT'S FOIA REQUEST TO BIA

19.     On November 15, 2011, Ms. Schmidt filed a FOIA request with the Central BIA

Office in Washington, DC, for records and documents relating to the Secretary's review of the

Enterprise Rancheria of Maidu Indians' proposed off-reservation gaming request.  Ms. Schmidt

requested:

    a.  Any records from, to, between, internal to, or mentioning the Bureau of
       Indian Affairs, the Enterprise Rancheria of Maidu Indians (hereinafter
       "Tribe"), its business partner Yuba County Entertainment, and its third-
       party contractor Analytical Environmental Services, including counsel and
       representatives, regarding the National Environmental Policy Act review
       and evaluation process, for the Tribe's fee-to-trust application and
       proposed casino project in Yuba County, California.

    b.  Any records relating to the third-party contractor selection process, the
       role of the Tribe in the review process, and the selection of the third-party
       contractor to prepare a Scoping Report, Draft Environmental Impact
       Statement, and Final Environmental Impact Statement for the Tribe's fee-
       to-trust application and proposed casino project in Yuba County,
       California, including any memoranda of understanding between the
       Bureau of Indian Affairs, Analytical Environmental Services, and/or the
       Tribe, and other relevant documents and communications.

c. Any records from, to, between, internal to, or mentioning the Bureau of Indian Affairs, the Tribe, Yuba County Entertainment, and Analytical Environmental Services, including counsel and representatives, relating to the preparation, review, revision, or any other action taken with respect to the Scoping Report, Draft Environmental Impact Statement, or Final Environmental Impact Statement, for the Tribe's fee-to-trust application and proposed casino project in Yuba County, California.

20.     Ms. Schmidt also stated in her November 15, 2011, FOIA request that the request was "intended to include the production of responsive documents in the possession of Analytical Environmental Services, which has been contracted by the Bureau of Indian Affairs to work on the project that is the subject of this request.  The issue of producing responsive documents in the possession of a third-party contractor working under the direction of the Bureau of Indian Affairs on this type of fee-to-trust application and casino project was litigated and resolved in Dragonslayer, Inc. v. Salazar, No. 09-135 (D. Or. 2010)."

21.     BIA was required to provide a response by December 15, 2011.  5 U.S.C. § 552(a)(6)(A)(i).

22.     On November 15, 2011, the Central BIA Office sent an email acknowledging receipt of Ms. Schmidt's request and informing Ms. Schmidt that the request had been assigned to the BIA Pacific Regional Office for processing.

23.     On December 13, 2011, the Pacific Regional Office notified Ms. Schmidt that it would take a 10-day extension and stated that the Regional Office anticipated responding to the November 15, 2011, FOIA request "on or before, January 3, 2012."

24.     On December 20, 2011, the Pacific Regional Office sent a preliminary response to Plaintiff, stating that documents in the possession of Analytical Environmental Services ("AES") could not be reviewed or produced:

The BIA lacks control and custody over the documents in the possession of AES. Therefore, files in the possession of AES will not be searched for responsive documents because these are not records subject to disclosure under FOIA. This

is not a refusal to disclose documents but rather a notification that there are no other documents to disclose.

25.     BIA's December 20, 2011, response also estimated the costs of responding to Ms. Schmidt's request to be $1,288.00, which Ms. Schmidt was required to send in advance of production of the documents. Ms. Schmidt sent payment to BIA for its processing of the request, which the Pacific Regional Office received on January 13, 2012.

26.     On February 15, 2012, the Pacific Regional Office sent a final response to Plaintiff's FOIA request. BIA released a total of 56 documents, consisting of approximately 3,050 pages. Of those documents, only thirteen pages were not already available as public documents. The remaining estimated 3,037 pages consisted of publicly available documents, including the environmental impact statement for the Tribe's off-reservation casino, an environmental assessment, and letters from public agencies. BIA thus charged Ms. Schmidt $1,288.00 to review and produce 3,037 pages of publicly available documents and 13 pages of documents not publicly available, and to withhold 950 pages of material.

27.     BIA withheld an additional 20 documents, consisting of approximately 950 pages, pursuant to FOIA Exemption 5, which allows an agency to withhold "inter-agency or intra-agency" communications that would not be available to a party during litigation. 5 U.S.C. § 552(b)(5).

28.     The February 15, 2012, final response letter also stated that the determinations of documents to include were made by, among others, a representative of AES, Chad Broussard.

## MS. SCHMIT'S APPEAL OF BIA'S RESPONSE

-9-

29.     On March 7, 2012, Ms. Schmidt administratively appealed the Regional Office's withholding of responsive documents.  Plaintiff appealed two categories of withholdings.

30.     First, Plaintiff appealed BIA's December 20, 2011, decision refusing to produce any documents in the possession of AES to determine whether they were responsive to Plaintiff's request.  Second, Ms. Schmidt appealed BIA's withholding of 20 responsive documents under Exemption 5.  BIA's February 15, 2012, final response did not contain any description of documents withheld, and without such information, Plaintiff cannot review whether they fall into the category of documents that may be properly withheld.

31.     DOI's response to the administrative appeal was due on April 4, 2012.  5 U.S.C. § 552(a)(6)(A)(ii), 43 C.F.R. § 2.32(a).

32.     Ms. Schmidt attempted to contact DOI FOIA Appeals Officer Darrell Strayhorn by phone on April 10, 2012, and again on April 17, 2012 to inquire into the status of her administrative appeal.  Both times, Plaintiff spoke with Ms. Strayhorn's assistant, LaRima Lane, who stated that Ms. Strayhorn was aware of Plaintiff's calls, but did not provide further direction.

33.     As of the date of filing this Complaint, DOI has not responded to Ms. Schmidt's administrative appeal or to her inquiries as to the status of DOI's review of her appeal.

34.     California State Governor Jerry Brown is expected to make his decision on whether to approve the Enterprise Rancheria of Maidu Indians' off-reservation gaming proposal within four months.  The documents Ms. Schmidt seeks are directly related to Governor Brown's review of the Secretary's findings with respect to the impacts of the Tribe's proposed off-

reservation casino.  In light of Governor Brown's deadline for review and DOI's failure to

respond Plaintiff's inquiries, Ms. Schmidt sees no alternative but to file this complaint.

## CAUSE OF ACTION

### VIOLATION OF THE FREEDOM OF INFORMATION ACT, 5 U.S.C. §§ 552

35.     Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 34 above.

36.     By failing to provide Plaintiff with all records responsive to Plaintiff's November 15, 2011, FOIA request, Defendant BIA has denied Plaintiff's right to this information under FOIA.

37.     By failing to respond to Plaintiff's March 7, 2012, administrative appeal, Defendant DOI has denied Plaintiff's right to the records requested on appeal under FOIA.

38.     Unless enjoined by this Court, Defendants will continue to violate Plaintiff's legal right to access the records it requested in its November 15, 2011, FOIA request and March 7, 2012, FOIA administrative appeal.

39.     Plaintiffs are entitled to all reasonable costs of litigation, including attorney fees, pursuant to FOIA.  5 U.S.C. § 552(a)(4)(E).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays to this Court:

A.      Declare that Defendants' failure to provide responsive documents to Plaintiff's FOIA request of November 15, 2011, and FOIA administrative appeal of March 7, 2012, is unlawful;

B.      Order Defendants promptly to provide Plaintiff with copies of the responsive

documents sought in Plaintiff's FOIA request of November 15, 2011, and FOIA

administrative appeal of March 7, 2012;

C.      Award Plaintiff costs and reasonable attorney fees pursuant to 5 U.S.C. §

552(a)(4)(E) and 28 U.S.C. § 2412; and

D.      Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted this 15th day of May, 2012.

Jennifer A. MacLean
(D.C. Bar No. 393621)
Perkins Coie LLP
700 Thirteenth Street, NW, Suite 600
Washington, DC 20005
Phone: 202-654-6225
Fax: 202-434-1690
Attorneys for Plaintiff